IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TYRES FRAI' AUNT AUTREY**                                         **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:08cv1309HSO-JMR**

**BARBARA LAMBERT THAMES**                                  **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Tyres Frai' Aunt Autrey's Motion to Object/Reconsider [4, 5] the Report and Recommendation [3] of Chief United States Magistrate Judge John M. Roper entered in this cause on November 14, 2008. After thoroughly reviewing the findings in the Report and Recommendation, in addition to the positions of Plaintiff advanced in the Motion to Object/ Reconsider, the Court finds that the Report and Recommendation should be adopted as the finding of the Court for the reasons that follow.

### I. PROCEEDINGS IN FORMA PAUPERIS ("IFP")

"A grant of leave to proceed in forma pauperis is made by considering only a petitioner's economic status." *Cay v. Estelle,* 789 F.2d 318, 322 (5th Cir. 1986), *overruled in part by Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993)(*citing* 28 U.S.C. § 1915(a) and *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir. 1976)); *see also Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1993). The district court has wide discretion in denying an application to proceed IFP. However, in denying applications, a court must not act arbitrarily, and it may not deny the application on erroneous grounds. *See Hogan v. Midland County Comm.'s* 680 F.2d 1101, 1103

(5th Cir. 1982); *Flowers v. Turbine Support Division,* 507 F.2d 1242, 1244 (5th Cir. 1975).

Autrey's IFP Application references $300.00 in a Navigator Credit Union account. Though Autrey clarifies in his Affidavit attached to his Motion that the funds in the account belong to his grandmother and that they were "primarily" used to pay his grandmother's bills, he also indicates that he lives with his grandmother where he has "solid shelter" and is "blessed to have lights, water, food, shelter (place to call home), and a place to wash [his] clothes." Autrey Aff., attached as Ex. "1" to Mot. Furthermore, Autrey owns a 1999 Toyota Camry and has "an abundance of clothing and shoes...." *Id*. He also has a bachelor's degree and is seeking employment. With regard to his liabilities, Autrey has not listed any monthly expenses. No other extraordinary expenses[1] are identified and the Affidavit, as tendered, reflects that Autrey's assets exceed his liabilities. In short, Autrey's financial Affidavit does not indicate that he is unable to pay the required costs and fees.

## II.  CONCLUSION

Based on the foregoing, and after careful consideration of the record and the relevant law, the Court is persuaded that the Report and Recommendation of Chief Magistrate Judge John M. Roper entered on November 13, 2008, should be adopted as the finding of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Autrey's Motion

---

[1] Autrey states in his Application that he has some money "tied up" with exhuming his mother's remains, but he does not disclose the exact amount.

to Object/Reconsider [4,5] the Report and Recommendation filed in this cause on November 21, 2008, should be, and is hereby, **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [3] of Chief Magistrate Judge John M. Roper entered on November 14, 2008, should be and is hereby adopted in its entirety as the finding of this Court, except that Plaintiff shall have until twenty (20) days from the date of this Order, or until Monday, December 22, 2008, to pay the required filing fees to the Clerk of Court for the Southern District of Mississippi, Southern Division, Dan M. Russell Jr., United States Courthouse, 2012 15th Street, Suite 403, Gulfport, Mississippi, 39501.

**SO ORDERED AND ADJUDGED**, this the 1st day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE