IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TYRES FRAI' AUNT AUTREY**                                         **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 1:08cv1309HSO-JMR**

**BARBARA LAMBERT THAMES**                                   **DEFENDANT**

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION TO THE ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Tyres Frai' Aunt Autrey's Motion [7] for Reconsideration to the Order Adopting Report and Recommendation, filed on or about December 4, 2008, in the above captioned case. After thoroughly reviewing Plaintiff's Motion, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion should be denied.

### I. DISCUSSION

On or about October 7, 2008, Plaintiff submitted a Motion to proceed in forma pauperis ("IFP") in this case pursuant to § 1915 of title 28 of the United States Code. *See* Mot. [2]. On or about November 14, 2008, Chief United States Magistrate Judge John M. Roper recommended that Plaintiff's Motion be denied. *See* Rep. and Recommendation [3]. Plaintiff objected to the Magistrate Judge's findings within the ten days required by § 636 of title 28 of the United States Code. *See* Obj. [5]. By Order dated December 1, 2008, this Court adopted the Report and

Recommendation of the Magistrate Judge.  *See* Order [6].  Plaintiff now seeks reconsideration of this Court's Order.

This Court may "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Sivori v. Epps*, No. 2:07cv79, 2008 WL 2509757, at *1 (S.D. Miss. 2008) (*citing Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).  "Considerable discretion" is provided to the Court "in deciding whether to grant a motion for reconsideration."  *Id.* (*citing Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).  A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge, and its purpose is not to redebate the merits of a particular motion."  *See Sivori*, 2008 WL 2509757, at * 1 (internal citations omitted).

This Court analyzes Plaintiff's Motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See id.* at n.1 (acknowledging that Rule 59(e) provides guidance to courts analyzing motions to reconsider orders that are not final judgments).  Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration:  (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice."  *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)(*quoting Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff's Motion reiterates the arguments raised in his Objection, which were considered by this Court in its December 1, 2008, Order.  Furthermore, though

the Motion sets forth an additional list of monthly expenses, Plaintiff does not explain why these expenses could not have been presented to the Court in his IFP Application or Objection. Because Plaintiff has not convinced the Court that reconsideration of its December 1, 2008, Order is appropriate, Plaintiff's Motion must be denied.[1]

## II. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Reconsideration of this Court's December 1, 2008, Order is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Tyres Frai' Aunt Autrey's Motion [7] for Reconsideration to the Order Adopting Report and Recommendation, filed on or about December 4, 2008, in the above captioned case, should be, and is hereby, **DENIED.** Plaintiff has until Monday, December 22, 2008, to pay the required filing fees to the Clerk of Court for the Southern District

---

[1] Plaintiff has contacted the Court requesting an evidentiary hearing. The IFP statute does not entitle IFP petitioners to an evidentiary hearing. *See* 28 U.S.C. § 1915. Furthermore, Rule 7.2 (f) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi states that,

> (1) [a]ll motions shall be decided by the court without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request made by counsel in an easily discernible manner on the face of the motion or response.

LOCAL RULE 7.2(f).

Upon review of Plaintiff's Motion and the rules of this Court, the Court is not of the opinion that an evidentiary hearing is appropriate in this instance.

of Mississippi, Southern Division, Dan M. Russell Jr., United States Courthouse, 2012 15th Street, Suite 403, Gulfport, Mississippi, 39501. Failure to pay the filing fee by this date will result in dismissal of this matter without further notice to Plaintiff. If the filing fee is paid by the Plaintiff or someone other than the Plaintiff, there must be a written explanation that the money is being submitted as payment for the filing fee in this case, Civil Action No. 1:08cv1309-HSO-JMR, on behalf of the Plaintiff, Tyres Frai' Aunt Autrey.

**SO ORDERED AND ADJUDGED**, this the 8th day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE